The **STATE** of Texas, Appellant,

v.

**ONE 1938 CHEVROLET, Appellee.**

No. 05–91–01164–CV.

Court of Appeals of Texas,
Dallas County.

June 2, 1992.

---

Dale Jensen, Dallas, for appellant.

Earl Cross, Dallas, for appellee.

Before STEWART, MALONEY and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

This is a civil forfeiture suit based on chapter 59 of the Texas Code of Criminal Procedure. The State appeals the trial court's judgment for Lewis Bradley. In one point of error, the State argues that the trial court erred in denying the forfeiture of Bradley's 1938 Chevrolet. Because we find that Bradley used his automobile in the commission of the felony theft, we reverse the trial court's judgment and render judgment for the State.

On January 8, 1991, Bradley leased a self-storage unit in Mesquite. He stored his 1938 Chevrolet in the unit and reported his car stolen to the Garland Police Department. He then filed a false insurance claim and received $28,600 for the loss. On February 13, 1991, police recovered the car and arrested Bradley. Bradley gave a voluntary statement admitting that he stored the automobile in the warehouse and filed a false insurance claim to receive the insurance proceeds.

In its sole point of error, the State contends that the trial court erred in finding that Bradley did not use the 1938 Chevrolet in the commission of felony theft and, therefore, in denying the forfeiture of the 1938 Chevrolet. Bradley was charged with theft under section 31.03 of the Texas Penal Code, which states that "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03 (Vernon 1990). Property that is contraband is subject to seizure and forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.02 (Vernon Supp.1992). "Contraband" means any property, including real, personal, tangible, or intangible, that is used in the commission of any felony under Chapter 31 of the Penal Code. TEX.CODE CRIM.PROC. ANN. art. 59.01(2)(A)(ii) (Vernon Supp.1992).

The question for determination is whether Bradley, in fact, used the automobile in the commission of the felony theft.[1] Words and phrases shall be read in context and construed according to the rules of grammar and common usage. TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988); TEX. CODE CRIM.PROC.ANN. art. 3.01 (Vernon Supp.1992); see also Patterson v. State, 769 S.W.2d 938, 940 (Tex.Crim.App.1989). The term "use" has a number of different meanings. Black's Law Dictionary defines "use" as "to make use of, to convert to one's service; to employ; to avail oneself of; to utilize; to carry out a purpose or action by means of; to put into action or service, especially to attain an end." BLACK'S LAW DICTIONARY 1541 (6th Ed.1990). Webster's Third New International Dictionary defines the verb as "to put or bring into action or service: to have recourse to

---

1. The State cites cases from other jurisdictions in support of its contention. Because the terminology used in other forfeiture statutes differs from ours, those cases do not aid us in interpreting Texas's present law.

or enjoyment of." Webster's Third New International Dictionary 2523 (1976).

In applying the definitions and statutes, we must look at the events as they occurred in this particular case. Bradley used the car in a physical manner to carry out his scheme to commit theft. He insured the 1938 Chevrolet. He rented a storage unit to conceal the car as part of his plan to collect money from his insurer. On the same day, Bradley drove the car to the storage unit and reported it stolen. Based on these affirmative actions, Bradley received two checks totalling $28,600 for the vehicle's loss.

Reading chapter 59 and applying the word "use" in accordance with grammar, common usage, and common sense to these facts, we find that Bradley used the 1938 Chevrolet in the commission of the felony theft. The 1938 Chevrolet is subject to the State's forfeiture action. We sustain the State's point of error.

We reverse the trial court's judgment and render judgment for the State.